# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIMA MAHMOOD )<br>   House# 37, E Block, )<br>   Shah Rukn-e-Alam Colony )<br>   Multan, Pakistan 60000 )<br>)<br>) <br>               Plaintiff(s) )<br>)<br>       v. )<br>)<br>ANTONY J. BLINKEN, in his official )<br>capacity, Secretary, U.S. Department of State; )<br>RENA BITTER, in her official capacity, )<br>Assistant Secretary, Bureau of Consular )<br>Affairs; )<br>    U.S. Department of State )<br>   2201 C St. NW )<br>   Washington, DC 20520 )<br>)<br>            Defendant(s). | Civil Action No 1:23-cv-2215 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

**INTRODUCTION**

COMES NOW SAIMA MAHMOOD, (hereinafter "Plaintiff MAHMOOD" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff MAHMOOD is a Pakistani citizen who is subject to a two-year home residency requirement under INA §212(e) on account of her having J-1 Visa status.[1] As a result of this requirement, and without the approval of a waiver of the two-year home residence requirement, Plaintiff is prohibited from adjusting her status to a U.S. permanent resident and residing with her lawful permanent resident ("LPR") spouse and two U.S. citizen children. As such, Plaintiff has made such a request for a waiver of the two-year home residence requirement with the United States Citizenship and Immigration Service ("USCIS") on the qualifying grounds that her LPR spouse and U.S. citizen children would face extreme hardship if she were forced to comply with the requirement.[2]

2. This action is brought as a result of Defendants' failure to carry out the non-discretionary duty of issuing a final decision on Plaintiff's Application for Waiver of the Foreign Residence Requirement (hereinafter "Application") within a reasonable period of time. Plaintiff's Application has now been pending with the WRD since October 17, 2021, for over 93[3] weeks,

---

[1] Plaintiff Mahmood is a board certified (ABIM ID 447501) U.S. trained physician carrying an unrestricted license to practice in Texas Medical Board (License # U2258) and accordingly is subject to the two-year home residence requirement.

[2] Under INA § 212(e), exchange visitors may apply for a waiver of the section's two-year home residency requirement in one of five ways. (1) No objection statement from applicant's home government; (2) prove risk of persecution if the applicant is forced to comply with the two-year home residence requirement; (3**) prove that denial of the waiver request would result in exceptional hardship to a U.S. citizen or lawful permanent resident spouse or child**; (4) U.S. government or agency interest would be impacted; or (5) the waiver being requested by a designated state public health department (the Conrad State 30 Program) of the U.S. serving underserved communities.

[3] According to the State Department, the current processing times for exceptional hardship waivers is 36-52 weeks. Plaintiff's request for an exceptional hardship waiver has now been pending for over 93 weeks, and without judicial action will likely remain in the same status. See, https://travel.state.gov/content/travel/en/us-visas/study/exchange/waiver-of-the-exchange-visitor/how-to-apply-waiver.html

which is an unreasonably long time. As of this date, no requests for further information or documentation have been made by Defendants.[4]

3.      Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to act on Plaintiff's Application as there are no in-person requirements such as fingerprinting or an interview that are outstanding; as such, COVID-19 related issues do not prohibit an officer's issuance of a final decision in this matter. Plaintiff has a clear right to the adjudication of her Application and the issuance of a recommendation in this matter. The issuance of a recommendation is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4.      Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application by issuing a final decision.

**PARTIES**

5.      Plaintiff SAIMA MAHMOOD is a citizen and resident of Pakistan. She is the Applicant of a properly filed Form I-612, Application for Waiver of Foreign Residence Requirement.

6.      Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by

---

[4] Certain exchange visitors, and specifically certain individuals under the J-1 visa program are subject to the two-year home residence requirement pursuant to INA § 212(e). Applications for waiver of the two-year home-country residence requirement may be supported by a statement of exceptional hardship to the applicants U.S. citizen or lawful permanent resident spouse or child. Section 212(e) of the Immigration and Nationality Act gives the Attorney General the authority to issue waivers based on exceptional hardship.

the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

7. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs.  As Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

9. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

10. Plaintiff has supplied the WRD with documents that establish Plaintiff's eligibility to receive a recommendation on her Application.

11. Despite numerous attempts to follow up on her case, and ongoing inquiries with Defendants, Plaintiff MAHMOOD's inquiries into the status of her case have not shown there has been any progress in the final adjudication of her Application.

12. There are no further administrative remedies available for Plaintiff to utilize at this time.

# FACTUAL ALLEGATIONS

13. On March 11, 2021, Plaintiff MAHMOOD filed Form I-612, Application to Waive Foreign Residence Requirements with the California Service Center along with the requisite fee payment and the required materials in support of her claim of exceptional hardship to her LPR spouse and U.S. citizen children. Along with the filing of Form I-612 with USCIS, Plaintiff MAHMOOD concurrently filed Form DS-3035 with the Department of State ("DOS"). (Case numbers: USCIS # WAC2116150430 and DOS # 1706812.) **[EXHIBIT A].**

14. On October 17, 2021, USCIS found exceptional hardship to exist in Plaintiff's case and forwarded Form I-612 along with the I-613, Recommendation of the waiver to the Department of State's Waiver Review Division ("WRD").

15. Since receiving the Forms I-612 and the favorable recommendation letter from USCIS, the WRD has made no further requests of the Plaintiff, nor has it issued a final adjudication in Plaintiff's case.

16. Plaintiff's Application has been pending with the WRD without any final adjudication for over 93 weeks (over one year and nine months or over 21 months or 653 days) and is likely to continue in this status for months or possibly even years without judicial action.

17. Defendants refuse to provide further explanation which would merit the need for over 93 weeks of processing time, which is an unreasonably long time, given Defendants are in receipt of all the required information and evidence.

18. Plaintiff has endured significant financial, emotional, and familial hardships as a result of the unreasonable period of time that Plaintiff's Application has been pending. Furthermore,

Plaintiff MAHMOOD faces a great deal of uncertainty as to her future here in the United States with her LPR spouse and U.S. citizen children.

## COUNT I

## VIOLATION OF THE APA

19. All prior paragraphs are re-alleged as if fully stated herein.

20. Plaintiff has a right to apply for a waiver of the two-year foreign residence requirement pursuant to 8 USC 1182(e) and 22 CFR § 42.81.

21. Plaintiff has paid the requisite fees and provided all necessary documents and information required with her Application.

22. Defendants have a duty to issue a final decision within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81(b).

23. The duty owed to the Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

24. No other adequate remedy is available to Plaintiff.

25. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to issue a recommendation.

26. Given the Defendants' lack of a sufficient reason for not making a final decision on Plaintiff's Application in over 93 weeks, Plaintiff's Application has been pending for an unreasonably long period of time.

27. Defendants have failed in their duty to issue a recommendation within a reasonable time.

28.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

29.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to issue a final decision on Plaintiff's Application, thereby depriving Plaintiff of the rights to which she is entitled.

30.     In addition, as a result of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, Plaintiff and her LPR spouse and U.S. citizen children's lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for Defendants to issue a final decision on Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to issue a recommendation on Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  July 31, 2023                              Respectfully submitted,

                                                    /s Sadaf F. Ahmed
                                                  **Sadaf F. Ahmed, Esq. (IN0013)**

**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*